IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                       No. CIV S-06-0391 GEB JFM P

    vs.

DOWNING, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed December 22, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. On January 3, 2007, plaintiff filed a document styled as an amended complaint. On February 6, 2007, plaintiff filed a request to dismiss two defendants from the action and to proceed only against one defendant named in the amended complaint, Keith Levy. On the same day, plaintiff filed another document styled as an amended complaint. That document supersedes the amended complaint filed January 3, 2007, and will be screened by the court pursuant to the provisions of 28 U.S.C. § 1915A(a).

        In accordance with the requirements of 28 U.S.C. § 1915A, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

/////

1

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that defendant Keith Levy is an administrative law judge who has violated plaintiff's constitutional rights by renewing a so-called Keyhea order for another year of forced medication.[1]  Plaintiff seeks money damages.

/////

---

[1] A permanent injunction in Keyhea v. Rushen, 178 Cal.App.3d 526 (1986) sets forth the process which must be followed before psychotropic medication can be involuntarily administrated to an inmate in a California state prison. See California Penal Code § 2600; see also Department of Corrections v. Office of Administrative Hearings, 53 Cal.App.4th 780, 785 (1997).

"Administrative law judges . . . are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court." <u>Hirsh v. Justices of Supreme Court of State of Cal.</u>, 67 F.3d 708, 715 (9th Cir. 1995) (citing <u>Butz v. Economou</u>, 438 U.S. 478, 511-17 (1978). To qualify for quasi-judicial immunity, an administrative law judge must preside over adversarial hearings from which there is an appeal, and the judge must make factual findings and "perform other adjudicatory functions." <u>Hirsh</u>, at 715.[2]

> The *Keyhea* injunction provides a process whereby a prisoner who is subject to mental health treatment, after being administered involuntary medication for up to 72 hours, may be certified for additional involuntary medication up to 21 days if the prisoner is "as a result of mental disorder, gravely disabled and incompetent to refuse medication for the danger to others, or danger to self." (*Keyhea* injunction, *supra,* § II(A), p. 6.) The prisoner, with the assistance of an attorney or advocate, may contest certification. A certification review hearing is conducted by the court-appointed hearing officer and if at the conclusion of the hearing, the hearing officer concludes that the prisoner is neither gravely disabled and incompetent nor a danger to others or to self, involuntary medication must be discontinued. ( *Id.,* at § II(I), (M), pp. 11, 13.) A prisoner may not be medicated involuntarily for more than 24 days without an order from the superior court. The order authorizing involuntary medication must find, by clear and convincing evidence, as above, that the prisoner , as a result of mental disorder, is gravely disabled and incompetent to refuse medication or a danger to self. ( *Id.,* § III(F), p. 18.) The injunction also permits emergency involuntary medication under certain specified conditions. ( *Id.* at § III(J), pp. 20-21.)
>
> Most relevant for purposes of this case, the *Keyhea* injunction defines "danger to others" "in substantial accord with Welfare and Institutions Code section 5300," and requires essentially the same findings of demonstrated danger and recent dangerousness as in section 5300, discussed above. ( Keyhea injunction, supra, § I(4).) A prisoner will be considered a danger to others only if he or she has attempted, inflicted or made a serious threat of "substantial physical harm upon the person of another" either after being taken

---

[2] The <u>Hirsh</u> court describes another factor derived from <u>Butz</u>: decisions from such hearings should qualify as "controversial enough to stimulate harassing damage actions against the adjudicators." <u>Hirsh</u>, at 715.

3

1  into custody or as the cause of being taken into custody, as
2  specified in section 5300, and "presents, as a result of mental
   disorder, demonstrated danger of inflicting substantial physical
3  harm upon others." (*Keyhea* injunction, *supra,* § I(4)(b), p. 4.)
   "Custody" refers to "confinement in an inpatient psychiatric unit."
4  The order is only good for 180 days (or a shorter time if specified
   by the court) in the case of those determined to be a danger to self
5  or others, with new orders being subject to the same procedural
   protections as the original orders. ( Id., § (III)(I).)

6  In re Qawi, 32 Cal.4th 1, 22 (2004). California state courts view a Keyhea hearing as "'an

7  adversarial judicial hearing and not a perfunctory step in the process.'" Department of

8  Corrections v. Office of Administrative Hearings, 53 Cal.App.4th at 789 (internal citation

9  omitted). By its terms, the Keyhea injunction provides for judicial review of the administrative

10 law judge's decision. (Keyhea v. Rushen, Case No. 67432, Order Granting Plaintiffs' Motion for

11 Clarification and Modification of Injunction and Permanent Injunction, filed October 31, 1986, at

12 ¶ IIN.)[3]

13       The decision of the administrative law judge at a Keyhea hearing is the type of

14 decision that gives rise to the protection of quasi-judicial immunity, as described by the court of

15 appeals in Hirsh. Plaintiff's allegations bring the decision of defendant Levy squarely within the

16 protection of that immunity. Accordingly, this action should be dismissed for failure to state a

17 claim upon which relief may be granted. See 28 U.S.C. § 1915A.

18       For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that this

19 action be dismissed for failure to state a claim upon which relief may be granted.

20       These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

22 days after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties. Such a document should be captioned

24 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

---

[3] A copy of the Keyhea injunction is available online at website of the State of California's Office of Administrative Hearings, http://www.oah.dgs.ca.gov.

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 27, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
winf0391.56